

Joshua A. Hawks-Ladds
90 State House Square
Hartford, CT 06103-3702
p   860 541 3306
f   860 424 4370
jhawks-ladds@pullcom.com
www.pullcom.com

September 14, 2018

The Honorable Judge Robert N. Chatigny
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 228
Hartford, Connecticut 06103

Re:   Herzog v. Orsini Enterprises, Inc., 3:18-cv-01241-RNC

Dear Judge Chatigny:

This office represents Defendant Orsini Enterprises, Inc. in the above-referenced matter. This letter is to request a pre-filing conference as we intend to file a Federal Rule of Civil Procedure § 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Plaintiff's Complaint invokes the jurisdiction of this Court, pursuant to 15 U.S.C. § 2310(d)(1)(B) and 15 U.S.C. § 1332, by asserting that Defendant has violated the Magnusum-Moss Warranty Act ("MMWA"). As we will show more fully in our Motion to Dismiss, dismissal is warranted because Plaintiff has failed to sufficiently allege an amount in controversy of at least $50,000—a requisite of the MMWA. See 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.").

To the extent that Plaintiff takes the position that his claimed punitive damages and counsel fees should be considered in the calculation of the amount in controversy of the MMWA, that position reflects a misunderstanding of the relevant decisional law. See Angelillo v. Harte Nissan, Inc., No. 3:09-CV-1313 (WWE), 2010 WL 569887, at *3 (D. Conn. Feb. 17, 2010) ("attorney's fees are excluded from the calculus."); Jiminez v. Going Forward, Inc., 25 F. Supp. 2d 54, 55 (D. Conn. 1998) ("Plaintiff does have other claims for monetary relief in her Complaint, including interest, attorneys' fees and costs. However, by its terms, Magnuson–Moss expressly excludes "interests and costs" from the amount in controversy. Attorneys' fees are among those costs that must be excluded. Consequently, all claims for attorneys' fees, costs and interest must be excluded from the Court's calculation of the jurisdictional amount."). See also Springsted v. Valenti Motors, Inc., No. 3:16CV214 (JBA), 2016 WL 2977235, at *4 (D. Conn. May 20, 2016) ("Connecticut does not have a statutory measure of punitive damages for a claim of tortious breach of warranty; the only punitive damages that are allowable for a tortious breach-of-warranty claim are common-law punitive damages, which are limited to attorney's fees and costs.").



Page 2

Not only has Plaintiff failed to satisfy the amount in controversy for a MMWA claim, but he has similarly failed to satisfy the amount in controversy for diversity jurisdiction. See 28 U.S.C. § 1332(a) (amount in controversy must exceed $75,000). "Attorneys' fees may be used to satisfy the amount in controversy [for diversity jurisdiction] only if they are recoverable as a matter of right pursuant to statute or contract." Kimm v. KCC Trading, Inc., 449 Fed. Appx. 85, 85-86 (2d Cir. 2012). Here, the plaintiff's claims are under MMWA, the UCC and CUTPA. None of these claims provide for attorneys' fees as a matter of right. See 15 U.S.C.A. § 2310(d)(2); Conn. Gen. Stat. § 42-180; Conn. Gen. Stat. § 42-110g.

There is, accordingly, no basis here for federal jurisdiction, and this matter should be dismissed.

Please be advised that we have conferred with the other counsel of record, Attorney Daniel S. Blinn, and discussed our intention to file a motion to dismiss. Unfortunately, we have been unable to arrive a mutually satisfactory resolution.

Very Truly Yours,

Joshua A. Hawks-Ladds

JAH/jsk

cc:    Daniel Blinn, Esq.

ACTIVE/80123.1/JKATZ/7666337v1